PHILIP KAHALA, PLAINTIFF-RESPONDENT, v. WILLIAM F. ALDRICH AND ATLANTIC CITY STEEL PIER COMPANY, DEFENDANTS, AND WILLIAM F. ALDRICH, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided July 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondent, *Albert N. Shahadi.*

For the appellant, *Thompson & Hanstein.*

PER CURIAM.

The plaintiff below brought suit against William F. Aldrich and the Atlantic City Steel Pier Company for wages alleged to be due arising out of the defendants' breach of contract. A voluntary nonsuit was entered as to the Atlantic City Steel Pier Company. The state of case presents the following situation:

The plaintiff alleges that he was employed by the defendants to work at the steel pier in Atlantic City as a swimmer and diver for the following days: May 28th, 29th and 30th; June 4th, 5th and June 11th, and 12th, 1932, at the rate of $5 per day, and commencing June 18th, 1932, for a period up to and including September 5th, at a weekly wage of $40.

The plaintiff says that he worked on those particular days and in addition thereto for one week beginning June 18th, 1932, but that on June 25th, 1932, was discharged and that his damages up to September 3d, 1932, amounted to $411.43. He made demand for this sum and was refused; he tried to

get other employment without success. This testimony as to the employment for a definite period was corroborated by plaintiff's wife.

On behalf of the defense, Mr. Aldrich, who conducted all the dealings with the plaintiff, testified that at no time had he entered into any agreement to employ the plaintiff for any definite period of time; that the plaintiff agreed to help out with extra work on the ship known as "Steel Pier," but that on Sunday, June 27th, plaintiff was late for work and had lost the bathing suit with which the defendant, Aldrich, had furnished him; when the defendant admonished him that he would have to be more careful about bathing suits, plaintiff became insulting, calling the defendant names, speaking very loudly and rapidly in the Hawaiian tongue and that at the end of the day's work he discharged the plaintiff.

On the cross-examination of this defendant, plaintiff's counsel asked if he did not have a contract with the Atlantic City Steel Pier Company requiring him to furnish a certain number of Hawaiian musicians and divers from June 18th to September 5th, 1932, which question was objected to. The court allowed the testimony over defendants' objection. The witness said that he had such a contract.

After additional testimony from other witnesses as to the altercation between the plaintiff and the defendant Aldrich the defense rested and the court awarded a judgment to the plaintiff for the full amount of his claim.

The sole ground of appeal here is that it was error for the court to have received the testimony as to whether or not the defendant Aldrich had a contract with the Atlantic City Steel Pier Company.

We think that the question was irrelevant and was foreign to the issue, namely, whether or not there was a contract between the plaintiff and the defendant. Evidence to be relevant must bear upon the issue joined between the parties. We do not think, however, that the admission of this evidence was harmful. The court, sitting without a jury, apparently believed the plaintiff's story. He testified he was hired for a specific time and that he was discharged without cause. If the court had believed the story of the defendant Aldrich

he would have found in his favor and this he might have done even though he believed that there had been a hiring for a specific time, since he could have found under the facts presented that the defendant was justified in breaching the contract. The case was essentially one of fact and it was within the province of the court to determine the facts in accordance with his belief from the testimony produced.

We find no error and the judgment therefore will be affirmed, with costs.